

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-21-2007

# Staples v. Williamson

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3146

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Staples v. Williamson" (2007). *2007 Decisions.* Paper 13.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/13

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3146
_____

TYRONE STAPLES,
                                        Appellant

v.

TROY WILLIAMSON; U.S. ATTORNEY GENERAL

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 06-cv-02426)
District Judge: Honorable Sylvia H. Rambo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 20, 2007

Before: SLOVITER, BARRY and WEIS, Circuit Judges

(Opinion filed: December 21, 2007)
_____

OPINION
_____

PER CURIAM

        Tyrone Staples appeals the District Court's order denying his petition filed

pursuant to 28 U.S.C. § 2241.  The procedural history of this case and the details of

Staples's claims are well known to the parties, set forth in the District Court's thorough

opinion, and need not be discussed at length. Briefly, Staples was sentenced by the United States District Court for the Eastern District of Pennsylvania to fifty-seven months in prison based on his conviction for possession of a firearm by a felon. In his § 2241 petition, Staples argued that he was entitled to credit on his federal sentence for time served before trial. The District Court denied the petition, and Staples filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's legal conclusions. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Under 18 U.S.C. § 3585(b), a defendant can only receive credit towards a federal sentence for prior custody "that has not been credited against another sentence." Staples does not dispute that the time at issue was credited towards his state sentence. Staples argues that he is entitled to the credit pursuant to this Court's decision in Ruggiano v. Reish, 307 F.3d 121 (3d Cir. 2002), because the federal sentencing court recommended that he receive credit from the time of his arrest. However, as explained by the District Court, the rule of Ruggiano does not apply to Staples' sentence calculation because Staples had not yet been sentenced on his state charges at the time of his federal sentencing.

For the above reasons, as well as those set forth by the District Court, we will affirm the District Court's order.